**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

INFORMED CONSENT ACTION NETWORK,
2025 Guadalupe Street, Suite 260
Austin, Texas 78705

                              Plaintiff,

   -against-

UNITED STATES DEPARTMENT OF THE
AIR FORCE,
1670 Air Force Pentagon
Washington, DC 20330

-and-

U.S. DEPARTMENT OF DEFENSE,
1400 Defense Pentagon
Washington, DC 20301

                            Defendants.

Civil Action No. 1:24-cv-2647

**COMPLAINT**

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against defendants United States Department of the Air Force ("**USAF**") and the United States Department of Defense ("**DOD**," together with USAF, "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

1

## PARTIES

3.      Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas, with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

4.      Defendant USAF is an agency within the Executive Branch of the United States Government and is a part of the Department of Defense. USAF is an agency within the meaning of 5 U.S.C. § 552(f). USAF has possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant DOD is an agency within the Executive Branch of the United States Government. DOD is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6.      On April 17, 2024, Plaintiff sent a FOIA request to USAF seeking copies of the following records:

> All designs, models, plans, studies, reports, memorandums, white papers, and presentations that contain the term "carbon black" from January 1, 2014 through the date of the search.

(**Exhibit 1**.)

7.      On June 6, 2024, Plaintiff's request was assigned request number 2024-03975-F. (**Exhibit 2**.)

8.      On June 12, 2024, Plaintiff requested a status update. (**Exhibit 3**.) The same day USAF responded indicating they are working on getting the information to Plaintiff. Plaintiff received no further communications from USAF. *Id*.

9.      As of the date of this Complaint, Defendants have failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor;

or (iii) produce the requested records or otherwise demonstrate that the requested records are exempt from disclosure.

## COUNT I
### FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

10.     Plaintiff realleges the previous paragraphs as if fully stated herein.

11.     Defendants are in violation of FOIA.

12.     Defendants were required to make a final determination on Plaintiff's request no later than twenty (20) business days from acknowledgement of the request. Because Defendants failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

13.     Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

14.     Plaintiff has no adequate remedy at law.

## COUNT II
### FAILURE TO PROVIDE AN ESTIMATED COMPLETION DATE
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

15.     Plaintiff realleges the previous paragraphs as if fully stated herein.

16.     Defendants failed to provide an estimated date on which the agency would complete the request.

17.     Defendants are in violation of FOIA.

<u>**COUNT III**</u>
<u>**ENTITLEMENT TO WAIVER OF SEARCH FEES**</u>

18.     Plaintiff realleges the previous paragraphs as if fully stated herein.

19.     Plaintiff sought a waiver of fees. Defendants failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

20.     Defendants are in violation of FOIA.

21.     Plaintiff is entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

<u>**REQUESTED RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that the Court:

a.      Declare that Defendants' current and continued delay in processing Plaintiff's FOIA request is unlawful under FOIA;

b.      Order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

c.      Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d.      Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

e.      Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

f.      Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

g.      Grant Plaintiff a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

h.      Grant Plaintiff such other relief as the Court deems just and proper.


Dated: September 13, 2024                    SIRI & GLIMSTAD LLP

                                             */s/ Catherine Ybarra*
                                             Catherine Ybarra, Esq.
                                             DC Bar No. CA00203
                                             700 S Flower Street
                                             Suite 1000
                                             Los Angeles, CA 90017
                                             Tel: (240) 732-6737
                                             cybarra@sirillp.com

                                             Elizabeth A. Brehm, Esq.
                                             DC Bar No. NY0532
                                             745 Fifth Ave
                                             Suite 500
                                             New York, New York 10151
                                             Tel: (240) 732-6737
                                             ebrehm@sirillp.com

                                             *Attorneys for Plaintiff*